1
2
3
4
5
6
7

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CLARK,<br><br>         Plaintiff,<br><br>    vs.<br><br>PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA; and<br>DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No. CV-08-00865 GAF (PJWx)<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>Judge: Hon. Gary A. Feess |

DB2/20853032.1                                              Case No. CV-08-00865 GAF (PJWx)

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled, the Parties, by and through their undersigned counsel of record, hereby stipulate to the following Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## 1. GOOD CAUSE STATEMENT

1.1    WHEREAS, plaintiff Curtis Clark ("Plaintiff" or "Clark") seeks and/or is likely to obtain non-public, confidential, proprietary and trade secret information from defendant Prudential Insurance Company of America ("Defendant" or "Prudential"), including without limitation information and documents regarding Prudential's products, selling and marketing practices, disciplinary practices, compensation practices, hiring and training practices, policies and procedures, programs and agreements, and private information regarding Prudential's current and former agents and customers;

1.2    WHEREAS, the parties have met and conferred in good faith and agree that a stipulated protective order is necessary to protect Prudential's proprietary and trade secret information and private information regarding current and former Prudential agents and customers;

1.3    WHEREAS, in the absence of a protective order, Prudential's proprietary and trade secret information and private information regarding current and former Prudential agents and customers could be subject to disclosure in this litigation;

1.4    WHEREAS, disclosure of Prudential's proprietary and trade secret information and private information regarding current and former Prudential agents and customers could place Prudential at a competitive disadvantage, subject Prudential to liability and/or result in economic loss to Prudential, its agents or its customers;

1.5    WHEREAS, production and use of discovery materials pursuant to this

1  Stipulated Protective Order would sufficiently protect Prudential's proprietary and
2  trade secret information and private information regarding current and former
3  Prudential agents and customers;
4       1.6    WHEREAS, the parties agree that in order to conduct meaningful
5  discovery in accordance with the Federal Rules of Civil Procedure a stipulated
6  protective order is necessary and outweighs the interest of the public to gain access
7  to litigation documents and information that may be based in whole or in part upon
8  the information contained within such discovery; and
9       1.7    WHEREAS, the parties acknowledge that this Order does not confer
10 blanket protections on all disclosures or responses to discovery and that the
11 protection it affords extends only to the limited information or items that are
12 entitled under the applicable legal principles to treatment as confidential, *see*
13 *Phillips v. GM Corp.*, 307 F.3d 1205, 1209-11 (9th Cir. 2002).
14      1.8    THEREFORE, IT IS STIPULATED AND AGREED, by and between
15 Clark and Prudential and their respective undersigned counsel of record that:
16 **2.    DEFINITIONS**
17      2.1    <u>Party</u>: any party to this action, including all of its officers, directors,
18 employees, consultants, retained experts, and outside counsel (and their support
19 staff).
20      2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless
21 of the medium or manner generated, stored, or maintained (including, among other
22 things, testimony, transcripts, or tangible things) that are produced or generated in
23 disclosures or responses to discovery in this matter.
24      2.3    "<u>CONFIDENTIAL</u>" Information or Items: "Trade secret" means
25 information, including a formula, pattern, compilation, program, device, method,
26 technique, or process that (1) derives independent economic value, actual or
27 potential, from not being generally known to the public or to other persons who can
28 obtain economic value from its disclosure or use and (2) is the subject of efforts that

1  are reasonable under the circumstances to maintain its secrecy.  *See* Cal. Civil Code
2  § 3426.1(d).  Materials deemed proprietary or non-public (regardless of how
3  generated, stored or maintained) shall be treated as Confidential material subject to
4  this Stipulated Protective Order, including without limitation information and
5  documents regarding Prudential's products, selling and marketing practices,
6  disciplinary practices, compensation practices, hiring and training practices,
7  policies and procedures, programs and agreements, and private information
8  regarding Prudential's current and former agents and customers.

9        2.4    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery
10 Material from a Producing Party.

11       2.5    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or
12 Discovery Material in this action.

13       2.6    <u>Designating Party</u>:  a Party or non-party that designates information or
14 items that it produces in disclosures or in responses to discovery as
15 "CONFIDENTIAL."

16       2.7    <u>Protected Material</u>:  any Disclosure or Discovery Material that is
17 designated as "CONFIDENTIAL."  Protected Material includes all copies,
18 abstracts, compilations, summaries or any other form of reproducing or capturing
19 any of the "CONFIDENTIAL" material.

20       2.8    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who
21 are retained to represent or advise a Party in this action.  Should new counsel for
22 any new or existing party to this action desire to subscribe to this Protective Order
23 as Outside Counsel, the Parties will not unreasonably object.

24       2.9    <u>House Counsel</u>:  attorneys who are employees of a Party.  Should new
25 counsel for any new or existing party to this action desire to subscribe to this
26 Protective Order as House Counsel, the Parties will not unreasonably object.

27       2.10   <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as
28 well as their support staffs).

2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving, examining, sorting data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.

## 4. DESIGNATING PROTECTED MATERIAL

4.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Specifically, a Designating Party must determine that the information sought to be protected is properly subject to protection under Section 2.3 of this Order and F.R.C.P. Rule 26(c). Counsel for

a Designating Party shall make a good faith determination that protection is warranted before designating any discovery material "CONFIDENTIAL."

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions under the existing legal standards for impositions of sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" clearly on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate "CONFIDENTIAL" markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

1  identified the documents it wants copied and produced, the Producing Party must
2  determine which documents, or portions thereof, qualify for protection under this
3  Order; then, before producing the specified documents, the Producing Party must
4  affix the "CONFIDENTIAL" designation clearly on each page that contains
5  Protected Material.  If only a portion or portions of the material on a page qualifies
6  for protection, the Producing Party also must clearly identify the protected
7  portion(s) (e.g., by making appropriate "CONFIDENTIAL" markings in the
8  margins).
9            (b)   <u>for testimony given in deposition</u>, that the Party or non-party
10 offering or sponsoring the testimony identify on the record, before the close of the
11 deposition, all protected testimony, and further specify any portions of the
12 testimony that it intends to designate as "CONFIDENTIAL."  When it is
13 impractical to identify separately each portion of testimony that is entitled to
14 protection, and when it appears that substantial portions of the testimony may
15 qualify for protection, the Party or nonparty that sponsors, offers, or gives the
16 testimony may invoke on the record (before the deposition is concluded) a right to
17 have up to thirty (30) days to identify the specific portions of the testimony as to
18 which "CONFIDENTIAL" protection is sought.  Only those portions of the
19 testimony that are appropriately designated for protection within the thirty (30) days
20 shall be covered by the provisions of this Stipulated Protective Order.  During the
21 pendency of the thirty-day period, and until a final transcript incorporating all
22 specified confidentiality designations is provided by the court reporter, the Parties
23 shall treat all portions of the testimony as "CONFIDENTIAL."  After the final
24 transcript incorporating all specified confidentiality designations is provided by the
25 court reporter, the Parties agree to destroy all copies of any interim transcripts
26 containing incomplete confidentiality designations.
27            Transcript pages containing Protected Material must be separately
28 marked by the court reporter, who must affix to the top of each such page the

legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate "CONFIDENTIAL" markings in the margins).

4.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first and has fully complied with the procedures set forth in Local Rule 37-1.

5.3     <u>Judicial Intervention</u>. Any dispute relating to this Stipulated Protective Order, including a challenge to a confidentiality designation or the inadvertent disclosure of work product or attorney-client material, must be done pursuant to Local Rule 37. In making or opposing any motion relating to the designation of "CONFIDENTIAL" material, the party seeking to maintain a document as confidential shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 6.     ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Subject to the limitations set forth in Section 10 of this Order, unless otherwise ordered by the

1 Court or permitted in writing by the Designating Party, a Receiving Party may
2 disclose any information or item designated "CONFIDENTIAL" only to:
3      (a) the Receiving Party's Outside Counsel of record in this action,
4 as well as employees of said Counsel to whom it is reasonably necessary to disclose
5 the information for this litigation and who have signed the "Agreement to Be
6 Bound by Protective Order" that is attached hereto as Exhibit A;
7      (b) the Receiving Party, including the officers, directors, and
8 employees (including House Counsel) of the Receiving Party to whom disclosure is
9 reasonably necessary for this litigation and who have signed the "Agreement to Be
10 Bound by Protective Order" (Exhibit A);
11      (c) experts (as defined in this Order) of the Receiving Party to
12 whom disclosure is reasonably necessary for this litigation and who have signed the
13 "Agreement to Be Bound by Protective Order" (Exhibit A);
14      (d) the Court and its personnel subject to the filing procedures set
15 forth herein;
16      (e) court reporters, their staffs, and professional vendors to whom
17 disclosure is reasonably necessary for this litigation and who have signed the
18 "Agreement to Be Bound by Protective Order" (Exhibit A);
19      (f) during their depositions, witnesses in the action to whom
20 disclosure is reasonably necessary and who have signed the "Agreement to Be
21 Bound by Protective Order" (Exhibit A). Any witness who does not sign the
22 "Agreement to Be Bound by Protective Order" (Exhibit A) shall be required to
23 review any pages or exhibits marked as "CONFIDENTIAL" under the terms of this
24 Stipulated Protective Order in the offices of the appropriate court reporter or in the
25 offices of the disclosing party and such witness shall not be entitled to copies of
26 pages or exhibits marked as "CONFIDENTIAL" under the terms of this Stipulated
27 Protective Order. Pages of transcribed deposition testimony or exhibits to
28 depositions that reveal Protected Material must be separately marked as such by the

court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

        (g)   the author of the document or the original source of the information.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 9. FILING PROTECTED MATERIAL

Motion papers or other Court filings, including exhibits, that disclose Protected Material shall be filed with an application to file the Protected Material under seal pursuant to Rule 79-5.1 of the Civil Local Rules for the United States District Court, Central District of California. In addition, papers referencing or relying upon Protected Material shall designate the particular aspects that are confidential to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose. If the Receiving Party disputes a confidential designation of motion papers or exhibits, then the Receiving Party must notify the Designating Party of that dispute in writing. If the parties are unable to resolve their dispute, either party may move the Court for an order approving or removing the "CONFIDENTIAL" designation. The non-moving party may oppose such motion. In the interim, the designated material shall be deemed Protected Material until the issue is resolved by the Court.

### 10. "CONFIDENTIAL" MATERIALS OFFERED AS EVIDENCE AT TRIAL

When offered in evidence at trial, Protected Material and information designated as "CONFIDENTIAL" will become available to the public, unless good cause is shown to the district judge in advance of the scheduled trial date to proceed otherwise. In order to permit a Designating Party to assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the evidence must give notice of intent to introduce the evidence to

counsel for the Designating Party at least sixty (60) days prior to trial. Any party may then move the Court in advance of the trial for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure pursuant to applicable federal and local rules. The Court will determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" and, if so, what protection, if any, may be afforded to such materials or information at trial.

## 11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material that has not lost its "CONFIDENTIAL" designation and become available to the public. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not, other than as authorized below in the subsequent paragraph, retained any Protected Material.

Notwithstanding the provisions in the immediately preceding paragraph, Counsel are entitled to retain an archival copy of all documents and things produced in discovery, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

## 12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in



this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. *The Court and its personnel shall not be subject to this agreement.*

**IT IS SO STIPULATED, BY AND THROUGH COUNSEL OF RECORD.**

DATED: September 29, 2008    MORGAN, LEWIS & BOCKIUS LLP

By: ___/s/ Matthew S. Menzie___
      L. Julius M. Turman
      Matthew S. Menzie

Attorneys for Defendant Prudential Insurance Company of America

DATED: September __, 2008    LAW OFFICES OF RENÉE CAMPBELL

By:_____
     Renée Campbell

Attorneys for Plaintiff Curtis Clark

this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, BY AND THROUGH COUNSEL OF RECORD.**

DATED: August __, 2008            MORGAN, LEWIS & BOCKIUS LLP

By: _____
L. Julius M. Turman
Matthew S. Menzie

Attorneys for Defendant Prudential Insurance Company of America

DATED: Sept. 19, 2008            LAW OFFICES OF RENÉE CAMPBELL

By: _____
Renée Campbell

Attorneys for Plaintiff Curtis Clark

[PROPOSED] ORDER

IT IS SO ORDERED.

Dated: 10/24/08            _____
Honorable Gary A. Feess
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Clark v. Prudential Ins. Co. of Am., et al.*, Case No. CV-08-00865 GAF (PJWx). I agree to comply with and to be bound by all the terms of this Protective Order and agree that the material covered by this Protective Order shall be used exclusively for the purposes of this litigation and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone numbers] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

DB2/20853041.1

Case No. CV-08-00865 GAF (PJWx)